# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-2302 PSG (SKx) | Date | May 23, 2018 |
| Title | Andrew Jackson v. Dollar Tree Distribution, Inc. et al. | | |

| | |
|---|---|
| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**     Order GRANTING Plaintiff's motion to remand

Before the Court is a motion to remand action to state court filed by Plaintiff Andrew Jackson ("Plaintiff"). *See* Dkt. # 20 ("*Mot.*"). Defendant Dollar Tree Distribution, Inc. ("Defendant") opposes the motion, *see* Dkt. # 21 ("*Opp.*"), and Plaintiff replied, *see* Dkt. # 26 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** Plaintiff's motion to remand.

I.     Background

From September 2014 until February 19, 2016, Plaintiff was employed by Defendant as a fork-lift operator. *See First Amended Complaint*, Dkt. # 8 ("*FAC*"), ¶ 4. He claims that "[a]t all relevant times during his employment," he was "an exceptional, dedicated, and loyal employee who was reliable and performed excellent work." *Id.* ¶ 16. He alleges that, during his employment with Defendant, he was "exposed to extreme heat and a constant barrage of dust blown from the desert into the warehouse" where he worked. *Id.* ¶ 19. After being forced to seek medical treatment due to his severe symptoms, Plaintiff claims that he was reprimanded by Defendant and admonished for missing work. *Id.* ¶¶ 20–21. He alleges to have eventually been diagnosed with pneumonia and Valley fever, which caused him to request workplace accommodations that were denied. *Id.* ¶¶ 24, 26. As both his condition and Defendant's treatment of him worsened, Plaintiff made complaints regarding unsafe working conditions that Defendant ignored. *Id.* ¶¶ 27–33, 40–42. Ultimately, Plaintiff's employment with Defendant was terminated—a decision that Plaintiff attributes to his medical condition and his complaints regarding health and safety violations. *Id.* ¶¶ 43–45.

Plaintiff initiated this action by filing a complaint in Los Angeles County Superior Court on February 15, 2018. *See Notice of Removal*, Dkt. # 1 ("*NOR*"), Ex. A. Defendant removed the case to this Court on March 21, 2018, asserting diversity jurisdiction because it is a citizen of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-2302 PSG (SKx) | Date | May 23, 2018 |
| Title | Andrew Jackson v. Dollar Tree Distribution, Inc. et al. | | |

Virginia, Plaintiff is a citizen of California, and the amount in controversy exceeds $75,000. *See id.* ¶¶ 1, 9–40. Following removal, on April 6, 2018, Plaintiff filed his first amended complaint ("FAC"). In addition to Defendant, the FAC added another party: Defendant "Ali," who was allegedly "one of Plaintiff's supervisors" who "held the position of 'Assistant General Manager.'" *FAC* ¶ 7. The FAC asserted that Defendant "Ali" is a citizen of California. *Id*. Of Plaintiff's nine causes of action, only the final four are directed at "Ali":

> Sixth Cause of Action: Whistleblower retaliation in violation of California Labor Code § 1102.5. *FAC* ¶¶ 87–91.
>
> Seventh Cause of Action: Defamation in violation of California Civil Code § 46. *FAC* ¶¶ 92–97.
>
> Eighth Cause of Action: Harassment based on medical condition in violation of California Government Code § 12940(j). *FAC* ¶¶ 98–104.
>
> Ninth Cause of Action: Intentional infliction of emotional distress ("IIED"). *Id.* ¶¶ 105–08.

Plaintiff now moves to remand the action to state court, arguing that the addition of "Ali" destroys the complete diversity of parties needed for the Court to exercise diversity jurisdiction. *See generally Mot*.

II.    Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2302 PSG (SKx) | Date | May 23, 2018 |
|---|---|---|---|
| Title | Andrew Jackson v. Dollar Tree Distribution, Inc. et al. | | |

*Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

III.     Discussion

For a federal court to exercise diversity jurisdiction, there must be complete diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). Complete diversity requires that "each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Consequently, if a non-diverse party is joined, a court is divested of diversity jurisdiction. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

There is no doubt that if "Ali," whom Plaintiff claims to be a citizen of California, were properly joined in this action, then remand would be necessary because the Court would be divested of its subject matter jurisdiction. Therefore, the principle dispute on this motion is whether "Ali" was properly joined.

The Court is confronted with two differing standards to apply in this case. Under Federal Rule of Civil Procedure 15(a), "a plaintiff has an absolute right to amend his complaint once [within the time period prescribed by Rule 15(a)] and need not seek leave of court to do so." *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010). However, 28 U.S.C. § 1447(e) grants the Court discretion to reject amendments that join non-diverse defendants after removal: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) ("The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder.").

Courts in this Circuit are split as to which standard should govern joinder of a non-diverse defendant in the time period immediately following removal. *Compare Matthews Metals Prods., Inc. v. RBM Precision Metal Prods., Inc.*, 186 F.R.D. 581, 583 (N.D. Cal. 1999) (permitting joinder of non-diverse defendant under Rule 15(a)) *with Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087–88 (C.D. Cal. 1999) (applying section 1447(e)); *see also Lopez v. PLS Fin. Servs.*, No. CV 11-03730 DDP (JEMx), 2011 WL 3205355, at *1 (C.D. Cal. July 26, 2011) (recognizing split in authority); *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 657 (S.D. Cal. 2000) (same). The Ninth Circuit has not resolved the split in authorities, and so the Court will apply both standards.

A.     Rule 15(a)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2302 PSG (SKx) | Date | May 23, 2018 |
|---|---|---|---|
| Title | Andrew Jackson v. Dollar Tree Distribution, Inc. et al. | | |

Under Rule 15(a), a party may amend its pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1)(B). Here, Defendant filed its answer in Los Angeles County Superior Court on March 20, 2018. *See NOR*, Ex. D. Plaintiff's FAC was then filed after removal on April 6, 2018, within the 21-day window permitted by Rule 15(a). Therefore, if Rule 15(a) is applied, the addition of Defendant "Ali" was proper, and remand is mandatory because a non-diverse party extinguishes the Court's diversity jurisdiction over this action. *See Yniques v. Cabral*, 985 F.2d 1031, 1034 (9th Cir. 1993).

  B. <u>Section 1447(e)</u>

The discretionary standard of § 1447(e) requires the Court to assess six different factors to determine whether joinder should be permitted. *See IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). The factors are: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; (5) whether the claim against the new party seems valid; and (6) whether denial of joinder will prejudice the plaintiff. *See Calderon v. Lowe's Home Ctrs., LLC*, No. 2:15-CV-01140-ODW-AGR, 2015 WL 3889289, at *3 (C.D. Cal. June 24, 2015) (citing *Palestini*, 193 F.R.D. at 658). Whether to permit joinder "remains in the sound discretion of the court," and the Court should consider the factors as a whole. *IBC Aviation*, 125 F. Supp. 2d at 1011, 1013. Remand is mandatory if the district court allows the joinder of a non-diverse party under § 1447(e). *See Morris*, 236 F.3d 1061, 1068 (9th Cir. 2001).

Plaintiff contends that these factors "strongly support allowing joinder of Defendant Ali and remanding this case back to Los Angeles County Superior Court." *Mot.* 6:28–7:1. Defendant in turn suggests that "all factors support denying joinder." *Opp.* 5:24–25. Each factor will be considered in turn.

    *i.* *Necessity of Joinder*

Under Rule 19(a), "a necessary party is a person 'having an interest in the controversy, and who ought to be made [a party], in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.'" *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 608 (S.D. Cal. 2014) (quoting *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2302 PSG (SKx) | Date | May 23, 2018 |
|---|---|---|---|
| Title | Andrew Jackson v. Dollar Tree Distribution, Inc. et al. | | |

1991)) (alteration in original). "A court may find that joinder is appropriate for the just adjudication of the controversy if there is a high degree of involvement by the defendant in the occurrences that gave rise to the plaintiff's cause of action." *McGrath*, 298 F.R.D. at 608.

Plaintiff argues that Defendant "Ali" was "highly involved in the events that give rise to" his case, and hence satisfies the requirements of this factor. *Mot.* 7:2–8:5. Plaintiff focuses on various allegations describing the role "Ali" played in his employment and termination. *See, e.g.*, FAC ¶ 7 ("At all relevant times, ALI was one of Plaintiff's supervisors and held the position of 'Assistant General Manager.' In this capacity, Defendant ALI was responsible for supervising and managing the employees at the facility."); *id.* ¶ 23 ("Prior to his medical issues, Plaintiff JACKSON never received any write-ups and had a friendly, professional relationship with Defendant ALI. However, at the onset of Plaintiff's medical condition, Defendant ALI's attitude towards him changed and he began to speak to Plaintiff in a very demeaning manner."); *id.* ¶¶ 31–33 ("Defendant ALI would constantly threaten to fire Plaintiff JACKSON."). Given that Plaintiff's causes of action against "Ali" include whistleblower retaliation, *see id.* ¶¶ 87–91, defamation, *see id.* ¶¶ 92–97, harassment based on his medical condition, *see id.* ¶¶ 98–104, and IIED, *see id.* ¶¶ 105–08, Plaintiff's assertion that "Defendant Ali is directly and deeply involved with the conduct that gives rise to Plaintiff's [] claims" has merit. *Mot.* 8:3–4.

However, Plaintiff also alleges that "all actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, on behalf of all defendants, and engaged in, authorized, ratified, and approved of the conduct of all other defendants," FAC ¶ 13, and courts have regularly determined that joinder of non-diverse supervisors is *not* required in similar cases where the supervisors only acted within the scope of their employment. *See, e.g., Christopher v. Neiman Marcus Grp., LLC*, No. 2:16-cv-06309-ODW (KSx), 2017 WL 374903, at *3 (C.D. Cal. Jan. 26, 2017) (determining that the doctrine of respondeat superior permits the court to "accord complete relief among existing parties" without the joinder of a non-diverse supervisor); *Calderon*, 2015 WL 3889289, at *4 ("Defendant Kennard's absence in the present action will not prevent complete relief from being accorded between Plaintiff and Defendant Lowe's because any alleged liability for Defendant Kennard's actions as an employee are imputed to his employer under the doctrine of *respondeat superior*."); *McGrath*, 298 F.R.D. at 608 ("Plaintiff's allegations against the individual Defendants are brief and allege no basis for recovery against the individuals separate and apart from the relief sought against Home Depot USA, Inc. as the employer of the individual Defendants."); *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1174 (E.D. Cal. 2011) (determining that "all of Plaintiff's claims are, at base, against Defendant; [the supervisor] is just Defendant's agent"). Here, as in these cases, "Ali" is merely Defendant's agent, and Plaintiff's FAC explicitly states that his alleged misconduct occurred within the scope of his employment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2302 PSG (SKx) | Date | May 23, 2018 |
|---|---|---|---|
| Title | Andrew Jackson v. Dollar Tree Distribution, Inc. et al. | | |

Therefore, the Court agrees with Defendant that "Ali" is not a necessary party to this action and that this first factor weighs against joinder.

### ii. *Statute of Limitations*

Plaintiff has given no indication that any claims against "Ali" would be barred by a statute of limitations, and so this factor also weighs against joinder.

### iii. *Delay*

The Court agrees with Plaintiff that this factor weighs in favor of joinder. There is no indication of undue delay; indeed, as discussed above, Plaintiff filed his FAC within the 21-day window provided by Rule 15(a), which indicates that joinder should be permitted. *See Oum v. Rite Aid Corp.*, No. CV 08-7741-GHK (VBKx) (BC400017), 2009 WL 151510, at *2 (C.D. Cal. Jan. 20, 2009) (determining that "there has not been unexplained delay in bringing the motion" because "Plaintiff amended the FAC within the time allowed by Rule 15(a)").

### iv. *Purpose of Joinder*

"There is a 'general presumption' that joinder is not fraudulent, that is, there is a general presumption that a plaintiff's *sole* purpose is *not* to defeat diversity jurisdiction." *Negrete v. Meadowbrook Meat Co.*, No. ED CV 11-1861 DOC (DTBx), 2012 WL 254039, at *2 (C.D. Cal. Jan. 25, 2012) (quoting *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)) (emphases in original). This is, however, merely a *presumption*; it does not mean that a plaintiff's motives are irrelevant to the analysis. *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980) ("[A] trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court. In such cases, a plaintiff may well be inclined to add a new defendant only to have his action remanded to the state forum, the one that he had originally chosen as best suited to his purposes.") (citation omitted). In *Christopher*, the court was particularly suspicious of a case where, like here, a non-diverse supervisor-defendant, one whose liability is imputed to the defendant company, was added following removal. *See Christopher*, 2017 WL 374903, at *3.

Plaintiff explains the situation as follows:

> Plaintiff was merely exercising his right to amend his complaint once as a matter of course pursuant to FRCP Rule 15. At the time of the filing of the original complaint, Plaintiff Jackson was unaware of Defendant Ali's identity. In the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2302 PSG (SKx) | Date | May 23, 2018 |
|---|---|---|---|
| Title | Andrew Jackson v. Dollar Tree Distribution, Inc. et al. | | |

original complaint, Plaintiff detailed the discrimination, harassment and retaliation he faced at the hands of his superiors. Once Plaintiff discovered Defendant Ali's name and title he timely filed his amended complaint.

*Mot.* 9:14–19. On its face, this account seems fairly reasonable. However, the Court cannot shake a suspicion that is articulated by Defendant in its opposition. Plaintiff's FAC indicates frequent and involved contact between himself and "Ali." *See, e.g.*, FAC ¶ 7 ("ALI was one of Plaintiff's supervisors and held the position of 'Assistant General Manager.' In this capacity, Defendant ALI was responsible for supervising and managing the employees at the facility."); *id.* ¶ 17 ("Defendant ALI, the Assistant General Manager, dictated Plaintiff JACKSON's job duties and daily tasks."); *id.* ¶ 18 ("His superiors, including Defendant ALI, commended Plaintiff Jackson for his hard work and organizational skills."); *id.* ¶ 21 ("Plaintiff Jackson objected and tried to explain to Defendant ALI his need for medical treatment for his severe respiratory issues, but Defendant ALI refused to listen to him."). However, despite this seemingly familiar relationship, and the fact that Plaintiff worked under "Ali" for a year and a half, *see id.* ¶ 4, Plaintiff now claims that he did not know his former supervisor's name until *after* removal. Furthermore, even though Plaintiff is apparently uncertain that "Ali" is indeed the supervisor-defendant's name, as evidenced by the quotation marks around the name that appear even in the caption of the FAC, he nonetheless has sufficient information and belief to assert that "Ali" lives in Los Angeles. *See id.* ¶ 7. To put it plainly, something is fishy. Although Plaintiff maintains that he acted properly, *see generally Reply*, his account lacks plausibility, and regardless of what strategic implications may or may not exist that could explain his course of action, the strained credulity of the situation forces the Court to conclude that some sort of improper purpose *may* be at play, despite Plaintiff's assurances to the contrary. Therefore, this factor weighs against joinder.

### v. *Validity of Claims*

"Under the § 1447(e) analysis, courts consider whether the claims against the new party sought to be added seem meritorious," and so long as the claims are at least "potentially valid," the factor weights in favor of joinder. *Chan v. Bucephalus Alt. Energy Grp., LLC*, No. C 08-04537 JW, 2009 WL 1108744, at *5–6 (N.D. Cal. Apr. 24, 2009); *see also Rico v. Jones Lang LaSalle Ams., Inc.*, No. CV 14-1322-GHK (JEMx), 2014 WL 1512190, at *2 (C.D. Cal. Apr. 16, 2014) ("The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so."). Accordingly, "[a] defendant . . . bears [a] 'heavy burden' of establishing fraudulent joinder." *Lew v. Medtronic, Inc.*, No. CV 14-08303-JLS (VBKx), 2014 WL 7185299, at *10 (C.D. Cal. Dec. 16, 2014) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2302 PSG (SKx) | Date | May 23, 2018 |
|---|---|---|---|
| Title | Andrew Jackson v. Dollar Tree Distribution, Inc. et al. | | |

Given this heavy burden, the Court concludes that Defendant has not sufficiently demonstrated that the four claims Plaintiff levels against "Ali" in the FAC are invalid. The Court need only look at the first of these claims to demonstrate their potential validity; specifically, Plaintiff's whistleblower retaliation claim under California Labor Code § 1102.5.

Defendant contends that Plaintiff's § 1102.5 claim cannot be maintained against "Ali" because courts have regularly determined that there is no individual liability for violations of this statute. *See Opp.* 11:5–12:22; *see also Tillery v. Lollis*, No. 1:14-cv-02025-KJM-BAM, 2015 WL 4873111, at *10 (E.D. Cal. Aug. 13, 2015) ("Absent any authority or legislative intent to the contrary, and consistent with the California Supreme Court's decisionmaking in this area, this court finds individuals are not susceptible to liability under section 1102.5."); *Vera v. Con-way Freight, Inc.*, No. CV 15-874 AJW, 2015 WL 1546178, at *1 (C.D. Cal. Apr. 6, 2015) ("No case has held that section 1102.5 creates personal liability for individual employees."); *Conner v. Aviation Servs. of Chevron U.S.A.*, No. 14-cv-02102-JD, 2014 WL 5768727, at *5 (N.D. Cal. Nov. 5, 2014) ("Plaintiffs have failed to point to any authority that establishes that individual liability exists for violations of Section 1102.5."). However, these cited cases notwithstanding,[1] Plaintiff observes, correctly, that the language of § 1102.5 was amended to refer not only to an "employer," but also "*any person acting on behalf of the employer.*" Cal. Lab. Code § 1102.5(a) (emphasis added). Consequently, other courts have determined that there is at the very least ambiguity as to whether § 1102.5 permits individual liability—an uncertainty that ought to be resolved in favor of Plaintiff. *See, e.g.*, *Lewis v. Wells Fargo Bank, N.A.*, No. LA CV 16-7377 PA (RAOx), 2016 WL 7107760, at *2–3 (C.D. Cal. Dec. 5, 2016) ("Whether individuals can be liable under this statute as amended has not yet been determined by California state courts. . . . Therefore, Wells Fargo has not demonstrated that Roszkos was fraudulently joined, and the Court will not ignore his citizenship for purposes of evaluating whether diversity jurisdiction exists."); *De La Torre v. Progress Rail Servs. Corp.*, No. CV 15-4526 FMO (GJSx), 2015 WL 4607730, at *4 (C.D. Cal. July 31, 2015) ("[T]he court finds the statute ambiguous on the issue of individual liability. . . . However, the court need to not resolve this issue—that is, decide whether there is individual liability for violations of § 1102.5—given that all material ambiguities in state law are construed in plaintiff's favor when assessing a sham defendant claim in connection with removal.").

Because there is ambiguity as to whether a § 1102.5 claim can be properly asserted against "Ali," the Court will resolve the issue in Plaintiff's favor and conclude that the claim is

---

[1] A later court determined that these cases "were conclusorily rendered, cited pre-amendment state case law, and/or involved statutory analysis on a motion to dismiss." *Lewis v. Wells Fargo Bank, N.A.*, No. LA CV 16-7377 PA (RAOx), 2016 WL 7107760, at *2 (C.D. Cal. Dec. 5, 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2302 PSG (SKx) | Date | May 23, 2018 |
|---|---|---|---|
| Title | Andrew Jackson v. Dollar Tree Distribution, Inc. et al. | | |

valid. Therefore, at least one potentially valid claim exists, and so this factor weighs in favor of joinder.

### vi. Prejudice

Plaintiff suggests that he would be prejudiced if joinder of "Ali" were denied because he would be required to undertake duplicative efforts in state court. *See Mot.* 11:23–12:11; *see also Negrete*, 2012 WL 254039, at *9 ("Prejudice to a plaintiff is shown where denying amendment would force the plaintiff to choose between: (1) engaging in redundant litigation in state court arising out of the same facts and involving the same legal issues; or (2) foregoing its potential claims against the to-be-added party.") (internal quotation marks omitted). As discussed above, the Court agrees with Plaintiff that the allegations against "Ali" arise from the same facts as the claims against Defendant. However, the risk of redundancy and inconsistent rulings "alone does not require joinder. Indeed, this concern is *always* present in deciding whether or not to allow the addition of a diversity-destroying defendant, yet § 1447(e) nevertheless gives the Court discretion to deny joinder in these circumstances." *Christopher*, 2017 WL 374903, at *4 (emphasis in original). The Court will therefore treat this sixth factor as neutral.

### vii. Summation

Taken together, the Court concludes that the six factors indicate that joinder of "Ali" should be permitted. Although the Court is skeptical of the situation and "Ali" is not necessarily an indispensable party, Plaintiff did not delay in amending his complaint, and at least one claim against "Ali" is potentially valid. Given that the presumptions favor Plaintiff, § 1447(e) indicates that the Court should exercise its discretion and permit joinder.

## IV. Conclusion

Both Rule 15(a) *and* § 1447(e) suggest that "Ali" was properly joined in this action. Therefore, complete diversity does not exist and the Court lacks subject matter jurisdiction over this action.

Accordingly, the Court **GRANTS** Plaintiff's motion to remand. The action is hereby **REMANDED** to state court.

**IT IS SO ORDERED.**